IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN NORMAN RYAN,

        Plaintiff,

v.

STEPHANIE LOPEZ, M.D.,

        Defendant.

Civil No. 6:12-cv-01467-PA

OPINION AND ORDER

JOHN NORMAN RYAN
SID 719256
Inmate Mail
11540 N.E. Inverness Dr.
Portland, OR 97220

        Plaintiff *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
ANDREW HALLMAN
SAMUEL A. KUBERNICK
Assistant Attorneys General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301

        Attorneys for Defendant

PANNER, Judge.

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the court are Defendant's Request for Judicial Notice (#51) and Motion for Judgment on the

1 - OPINION AND ORDER -

Pleadings (#49). For the reasons that follow, the court GRANTS both.

## BACKGROUND

Beginning in May 2008, plaintiff was a patient at the Oregon State Hospital ("OSH") for approximately eight months for purposes of an "aid and assist" evaluation. In his Second Amended Complaint, plaintiff alleges claims against defendant Stephanie Lopez based on the treatment he received while at OSH.[1]

Plaintiff's Second Amended Complaint is not a model of clarity. In his briefing on the current motions, however, plaintiff himself describes his claims as follows:

> Pro se plaintiff brings claims pursuant to 42 U.S.C. § 1983 against Defendant Stephanie Lopez M.D. for acting in collusion with a third party, Dr. Ryan, to knowingly and purposefully deny plaintiff's constitutional rights due process of law [Fifth and Fourteenth Amendments], effective assistance of counsel [Sixth and Fourteenth Amendments] and his First Amendment interests in avoiding involuntary antipsychotic medication, see *Sell v. United States*, 539 U.S. 166 (2003).

Amended Memorandum in Opposition to Motion for Judgment on Pleadings, Docket Entry #72, p. 2. By way of remedy, plaintiff seeks: (1) "referral" to the United States Attorney for investigation into violations of federal law by OSH; (2) reversal of plaintiff's stalking convictions; (3) injunctive relief

---

[1] Defendant Lopez is the sole remaining defendant in this action, as the court previously dismissed plaintiff's claims against defendants Dr. Donald Ryan and Greg Roberts.

2 - OPINION AND ORDER -

preventing involuntary medication from being administered to plaintiff; and (4) money damages.

Defendant Lopez moves for judgment on the pleadings under Fed. R. Civ. P. 12(c) because the relief sought by plaintiff is not available in a § 1983 proceeding, because the Second Amended Complaint does not state a claim upon which relief may be granted, and because Defendant Lopez is entitled to qualified immunity. In support of her motion for judgment on the pleadings, defendant requests the court to take judicial notice of four documents: (1) the Oregon Court of Appeals' decision in *VanBuskirk v. Ryan*, 233 Or. App. 170, 225 P.3d. 118 (2010); (2) the Oregon Supreme Court's decision in *State v. Ryan*, 350 Or. 670, 261 P.3d 1189 (2011); (3) the Final Order in *The Matter of Appellant John Ryan*, Oregon Office of Administrative Hearings Case No. 20112492 (served on January 3, 2012); and (4) the Oregon Judicial Information Network ("OJIN") case register for *State of Oregon v. John Norman Ryan II*, Multnomah County Circuit Court Case No. 110230724.

## LEGAL STANDARDS

A motion for judgment on the pleadings under Fed. R. Civ. Pro. 12(c) is "functionally identical" to a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6); therefore, the same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Dismissal of a

3 - OPINION AND ORDER -

complaint for failure to state a claim is improper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The issue is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

When evaluating a Rule 12(b)(6) motion, the court must accept as true all allegations of material facts that are in the complaint, and must construe all inferences in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Judgment on the pleadings is therefore appropriate only "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) ( citation omitted).

Generally, as with Rule 12(b)(6) motions, if matters outside the pleadings are presented to and not excluded by the court, a Rule 12(c) motion for judgment on the pleadings is converted into a Rule 56 summary judgment motion. *Hal Roach Studios, Inc. v.*

*Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). However, similar to a Rule 12(b)(6) motion, the court may consider a document on a motion for judgment on the pleadings if the plaintiff refers extensively to the document or the document is integral to plaintiff's claim. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (on a motion to dismiss, the court may consider materials incorporated into the complaint *or matters of public record* without converting the motion into a motion for summary judgment).

Judicial opinions and agency orders are documents of which this court may take judicial notice under Fed. R. Evid. 201. *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take "judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts"); *see also Read v. Haley*, 2013 WL 1562938, *1 n.3 (D. Or. April 10, 2013) ("[o]n a motion to dismiss, a court may take judicial notice of facts outside of the pleadings that are matters of public record, such as records or reports from courts or administrative bodies") (internal citations omitted). While a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment, a court may not take judicial notice of a fact that is

5 - OPINION AND ORDER -

"subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (quoting Fed. R. Evid. 201(b)).

Here, the court analyzes the pending motion as a motion for judgment on the pleadings and grants defendant's request for judicial notice of the four documents described above as integral to plaintiff's claims in addition to the pleadings.[2]

## DISCUSSION

### I. Unavailable Relief

As noted, in addition to money damages, plaintiff seeks injunctive relief in the form a "referral" to the United States Attorney to initiate a criminal investigation, the reversal of his state court convictions, and an order preventing plaintiff from being involuntary medicated. None of the three remedies sought are available in this action.

---

[2] Plaintiff filed multiple requests to appear before the court to contest defendant's Request for Judicial Notice. Under Fed. R. Evid. 201(3), "[a] party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." Plaintiff is not thereby entitled to heard in person. *See Allen v. City of Los Angeles*, 92 F.3d 842, 849 (9th Cir. 1996) (opportunity to file brief satisfied requirements of Rule 201(e)), *overruled on other grnds by Acri v. Varian Associates, Inc.*, 114 F.3d 999 (9th Cir. 1997); *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, (9th Cir. 2000) (procedural due process requirement of "an opportunity to be heard" is satisfied by an "opportunity to brief the issue fully" and does not mandate a hearing). Plaintiff expressed his opposition to defendant's request in several briefings before the court, which the court considered and rejected.

First, it is well settled that private citizens lack a judicially cognizable interest in the prosecution or non-prosecution of another. *Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (per curiam). As such, plaintiff cannot ask this court to "refer" the matter to the United States Attorney for investigation.

Second, a challenge to the validity of a state court conviction may only be brought in a habeas corpus action pursuant to 28 U.S.C. § 2254, not a civil rights action pursuant to 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("[h]abeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement") (citation omitted). Moreover, to the extent plaintiff may seek damages as result of his alleged wrongful convictions, he must first establish that the convictions have previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994).

Finally, as plaintiff acknowledges in his Second Amended Complaint, his commitment to OSH ended in approximately January 2012. Plaintiff is no longer committed to OSH, and the Second Amended Complaint contains no allegation that he is likely to be returned, nor does it describe any other circumstances that suggest a likelihood of future "involuntary medication," particularly at the hands of Defendant Lopez. *See Reimers v.*

7 - OPINION AND ORDER -

*State of Oregon*, 863 F.2d 630 (9th Cir. 1988) (former prisoner's claim that prison officials violated his constitutional rights to practice his religion was moot based on prisoner's release from custody); *see also Fuller v. Dillon*, 236 F.3d 876, 883 (7th Cir. 2001) (prisoner's claim for injunctive relief against prison official preventing involuntary medication rendered moot by prisoner's transfer to another facility).

Plaintiff cannot obtain the injunctive relief sought in his Second Amended Complaint. Accordingly, his claims for injunctive relief must be dismissed.

## II. Failure to Allege Facts Supporting a Claim for Relief

Plaintiff appears to allege Defendant Lopez violated his constitutional rights in her *attempts* to administer antipsychotic medications to plaintiff without his consent during the time he was committed to the OSH. A prison inmate or patient at a state mental hospital "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment. *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). A state can, however, consistent with due process, involuntarily medicate a pre-trial detainee during trial to render him competent to stand trial. *Riggins v. Nevada*, 504 U.S. 127, 135-36 (1992). While a pre-trial detainee retains a significant liberty interest in avoiding

unwanted medication, medically appropriate involuntary medication would be justified if the state could establish that it "could not obtain an adjudication of [the inmate's] guilt or innocence by less intrusive means." *Id.* at 135-36. When antipsychotic drugs are administered solely for the purposes of restoring a criminal defendant's competence to stand trial, however, a *court*, not individual doctors must determine that involuntary medication is appropriate. *Sell v. United States*, 539 U.S. 166, 183 (2003).

Here, plaintiff nowhere specifically alleges Defendant Lopez was personally involved in administering antipsychotic medication to plaintiff, involuntarily or otherwise. Moreover, it appears from the ALJ decision of which the court has taken judicial notice that Defendant Lopez never did administer antipsychotic medication to plaintiff; she recommended it, but before the administrative hearing was even held she was removed from plaintiff's case and another OSH doctor took over. Indeed, despite Defendant Lopez's recommendation that plaintiff be subjected to involuntary medication while she treated him during his commitment to OSH, the ALJ found the institution could not administer involuntary medication without plaintiff's consent, which he refused to give.[3]

---

[3] A review of the OJIN print-out indicates Plaintiff ultimately was ordered to undergo involuntary medication by the Multnomah County Circuit pursuant to *Sell*. That order was not entered until after plaintiff was released from the commitment to OSH during which Defendant Lopez treated plaintiff.

9 - OPINION AND ORDER -

Plaintiff does not allege facts supporting a claim that Defendant Lopez was personally involved the deprivation of his constitutional rights.[4] Accordingly, Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted, and must be dismissed. Because it is apparent from the record that Plaintiff cannot cure the deficiencies of his Second Amended Complaint by amendment, the dismissal is without prejudice.

## CONCLUSION

For these reasons, the court GRANTS Defendant Stephanie Lopez's Request for Judicial Notice (#51) and Motion for Judgment on the Pleadings (#49). Plaintiff's Second Amended Complaint is DISMISSED with prejudice. All other pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this **23** day of May, 2014.

*Owen M. Panner*
Owen M. Panner
United States District Judge

---

[4] Because the court finds Plaintiff fails to state a claim upon which relief may be granted, defendant's qualified immunity defense need not be addressed.

10 - OPINION AND ORDER -